IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MONICA FERGUSON**,<br><br>        Plaintiff,<br><br>        v.<br><br>**FAIRBORZ PAKSERESHT,** Director,<br>Oregon Department of Human Services,<br><br>        Defendant. | Case No. 3:20-cv-1853-SI<br><br>**ORDER** |

Monica Ferguson, pro se.

Ellen F. Rosenblum, Attorney General, and Nathaniel Aggrey, Assistant Attorney General, OREGON DEPARTMENT OF JUSTICE, 1162 Court Street NE, Salem, Oregon 97301-4096. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      In this action, Plaintiff Monica Ferguson has sued Fairborz Pakseresht, Director of the Oregon Department of Human Services (Director Pakseresht), relating to the termination of her enrollment as a homecare worker (HCW) and her subsequent exclusion by the Oregon Office of the Inspector General (OIG) from participating in Medicare and Medicaid. Plaintiff challenges: (1) the Oregon Department of Human Services' (DHS) investigation concerning allegations against her that led to the revocation of her license; (2) DHS's decision to terminate her

PAGE 1 – ORDER

enrollment as a HCW; and (3) the denial of her appeal of the agency's decision. Plaintiff brings many claims based on these events, requesting both injunctive and monetary relief. She seeks reversal of DHS's revocation of her license, compensation for loss of business income, compensatory damages of $900,000, and reimbursement of costs and fees, among other things. Defendant moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the

expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epstein Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quotation marks omitted). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting Twombly, 550 U.S. at 555).

BACKGROUND

Plaintiff was licensed by DHS in Oregon as a Nurse Practitioner authorized to provide homecare worker (HCW) services to private clients. Plaintiff provided HCW services to private clients, including her own father. Plaintiff also owned and operated a clinic that provided health care services to other Medicaid and Medicare patients. DHS and the Oregon State Board of Nursing conducted an investigation of Plaintiff based on allegations that she committed fraud and neglected and abused her father. After an investigation and hearing by DHS, Plaintiff's license was terminated in September 2017. Plaintiff alleges that certain individuals reported false information to DHS in connection with that investigation and hearing and that private information and photographs were used during the investigation and hearing. Based on DHS's decision, on September 19, 2019, OIG placed Plaintiff on "exclusion" from providing services through Medicaid and Medicare. Plaintiff requested an appeal of this decision, which was denied on September 1, 2020.

DISCUSSION

**A. Parties**

In her Second Amended Complaint (SAC), Plaintiff asserts claims only against Director Pakseresht. ECF 15.[1] Although Plaintiff makes allegations against DHS as an entity, no claim appears to be asserted against Director Pakseresht in his individual capacity, only in his official capacity as Director of DHS. Thus, the Court concludes that Director Pakseresht is named as a Defendant only in his official capacity as Director of DHS. In addition, although other persons are mentioned in the SAC's "Parties" section and throughout the SAC, none are named as a

---

[1] Similarly, in Plaintiff's original Complaint (ECF 1) and her First Amended Complaint (ECF 5), Plaintiff asserted claims only against Director Pakseresht.

Defendant in the caption of the SAC and Plaintiff does not appear to have effected or even attempted service on anyone other than Director Pakseresht. Even if an improper defendant is named in the caption, a court may consider a complaint to have named the proper defendant "if the allegations in the body of the complaint make it plain that the party is intended as a defendant." *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) (pro se plaintiff's complaint found to have named the Secretary of the Navy as the proper defendant because the body of the complaint included the Secretary's signed disposition of the plaintiff's underlying claim). Here, however, Plaintiff does not appear to assert any claims against anyone other than Director Pakseresht in his official capacity. The Court construes any factual allegations about individual actors or other state organizations merely as background relating to Plaintiff's claims against Director Pakseresht in his official capacity.

B.  **Eleventh Amendment Immunity**

The Eleventh Amendment to the United States Constitution bars suit in federal court against states and state agencies acting under the state's control. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). When a suit seeks only prospective injunctive relief to end a continuing violation of federal law, Eleventh Amendment immunity may generally not be invoked. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996) (citing *Ex parte Young,* 209 U.S. 123 (1908)). A suit seeking monetary relief may be sustained if a state or state agency has waived its immunity, or if Congress has abrogated the state's sovereign immunity. *See Va. Off. for Prot. & Advocacy v. Stewart*, 131 S.Ct. 1632, 1638 (2011)*.* "The Oregon Tort Claims Act is a waiver of sovereign immunity but does not waive Eleventh Amendment immunity. Thus, suits by private parties against the state must be brought in state court." *Est. of Pond v. Oregon*, 322 F. Supp. 2d 1161, 1165 (D. Or. 2004); *see also Pennhurst State Sch. and*

*Hosp. v. Halderman*, 465 U.S. 89, 99 n.9 (1984) ("[A] State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts.").

Although the SAC is unclear as to exactly what remedies Plaintiff seeks for which claims, in addition to her request for monetary relief, Plaintiff appears to request reinstatement of her nurse practitioner and HCW licensure.[2] If Plaintiff seeks monetary damages against DHS, or Director Pakseresht in his official capacity as head of DHS, such a claim may not be brought in federal court absent express consent by the state. Having received no such consent, any claims seeking monetary damages are DISMISSED under Eleventh Amendment immunity.

## C. Prospective Injunctive Relief: Reinstatement of Licenses

The Court next turns to Plaintiff's claims seeking injunctive relief, which are not necessarily barred by the Eleventh Amendment. Plaintiff's action seeking reinstatement of her license appears to be based on allegations that her license was revoked through a process that violated her procedural due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff also appears to allege that the proceedings against her were initiated and carried out based on her national origin, gender, and disability. Defendant argues that Plaintiff has not pleaded facts that plausibly support these claims and has therefore failed to state a claim.

### 1. Procedural Due Process

Plaintiff seeks reinstatement of her license via a procedural due process claim, presumably under 42 U.S.C. § 1983 for violation of her rights under the Fourteenth Amendment,

---

[2] Plaintiff also refers to her "contract" to provide services under Medicare and Medicaid. It appears that her ability to do so was lost as a result of the termination of her medical license, and that what she ultimately seeks is reinstatement of her license to provide medical care in Oregon, rather than a court order granting specific performance of a contract.

against Defendant. Plaintiff has not alleged that the procedures provided for under Oregon law are themselves constitutionally deficient. Plaintiff's claim thus hinges on the implementation of those procedures. Plaintiff, however, has not alleged any facts showing that Director Pakseresht failed to correctly implement those procedures or that DHS had a policy or custom of failing to implement those procedures. Defendant argues that Plaintiff cannot seek redress from Director Pakseresht for the unauthorized actions of his subordinates. Further, Defendant argues that Plaintiff has not alleged any facts showing that DHS's action was the final action of the state such that it constitutes an ongoing state violation of federal law that this Court may review. For the reasons stated below, the Court dismisses Plaintiff's procedural due process claim for failure to state a claim.

### a. Inadequacy of Official Processes or *Respondeat Superior* Liability for Employee Action

Plaintiff has not alleged that the process by which Oregon investigates and ultimately decides to terminate a provider's HCW enrollment is unconstitutional or that Director Pakseresht, or anyone else, failed to abide by any *specific* policies or procedures provided under Oregon law for the termination of a HCW enrollment. Plaintiff refers generally to failures by certain individuals to follow necessary policies and procedures, but does not identify the relevant rule, statute, or other source of authority being disobeyed. Plaintiff argues that her "due process [rights] were violated by *DHS employees who violated procedures and protocols*, did not conduct a true and accurate investigation, provided biased and false testimony, altered documents, records, offered conflicted testimonies, discriminated against Plaintiff and her whole family." SAC at 4.

Plaintiff may not bring a claim under 42 U.S.C. § 1983 against Director Pakseresht (or even DHS) for unauthorized, unconstitutional actions taken by employees who report to the

Director. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691-94 (1978) (holding that a policymaker is not liable under Section 1983 under a *respondeat superior* theory of liability unless the act alleged was the result of a policy, custom, or practice, or was carried out by an individual with policymaking authority). Plaintiff has not alleged that Director Pakseresht personally participated in any of the alleged misconduct or that he or DHS had any policy, custom, or practice of committing procedural violations. Thus, Plaintiff has failed to state a claim for violation of her due process rights against Director Pakseresht based on individual actions taken in the process that led to her exclusion. The Court dismisses Plaintiff's procedural due process claim for failure to state a claim.

### b. Final State Action

Defendant argues that Plaintiff has not sought any post-deprivation remedy as provided in the Oregon Administrative Procedures Act (Oregon APA)[3] and that she therefore cannot bring a claim for deprivation of property without sufficient procedural due process. When a state provides a meaningful post-deprivation remedy for the unauthorized or negligent deprivation of a property right, a state action is not final for purposes of review by a federal court until the state provides, or refuses to provide, an adequate remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

In *Zimmerman v. City of Oakland*, the Ninth Circuit explained that the holding in *Hudson* only applies when the alleged deprivation was not carried out pursuant to official policy or procedure, but instead was caused by state officials who "acted in random, unpredictable, and unauthorized ways." 255 F.3d 734, 738 (9th Cir. 2001). The court in *Zimmerman* added that even

---

[3] The Oregon APA provides for judicial review of final agency orders. ORS § 183.480. It specifies that "[j]udicial review of final orders of agencies shall be solely as provided in [ORS § 183.482]."

when a deprivation is unauthorized, if it takes place at a specific, predictable point in the process, if it is not absurd to suggest that the state could hold a hearing prior to the deprivation, and if the state official causing the deprivation has been delegated "the power and authority to effect the very deprivation complained of," then a plaintiff may be able to bring a constitutional due process claim before seeking post-deprivation remedy. *Id.* at 739.

On the facts alleged, however, it is not clear whether this case is more like *Hudson* or *Zimmerman* or is distinguishable from both. The facts alleged suggest that the procedural violations complained of were unpredictable and unauthorized torts committed by individual witnesses and actors. Because the Court finds above that Plaintiff has failed to state a procedural due process claim, however, the Court need not decide this issue.

**2. Equal Protection Discrimination, and Retaliation Claims**

Plaintiff alleges that the ongoing deprivation of her license is due in part to national origin, gender, and disability discrimination, in violation of the Fourteenth Amendment's Equal Protection Clause and Title VII of the Civil Rights Act of 1964[4], 42 U.S.C. § 2000e *et seq*, and that she was retaliated against for filing grievances with her union.[5] She seeks injunctive relief to remedy this violation. Defendant argues that Plaintiff has not alleged any facts that, taken as true, give rise to a plausible inference that she was discriminated against. The Court may not rely on legal conclusions alone to deny a motion to dismiss but must disentangle the factual allegations

---

[4] Plaintiff has not alleged facts showing that she was employed by DHS and that she has a cause of action under Title VII. She simply asserts in her Response to the Motion to Dismiss (ECF 19) that she was in an employer-employee relationship with DHS. Arguments contained in a responsive brief are not factual allegations. Even if Plaintiff had alleged facts in the SAC showing that she was an employee of DHS, she has failed to plead facts supporting her claim for discrimination under either Title VII or the Equal Protection Clause.

[5] Plaintiff does not provide a state or federal statutory basis for her retaliation claim.

underpinning a legal conclusion to ensure that those factual allegations "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Plaintiff, however, has not pleaded any facts to support allegations of discrimination or retaliation—she has merely asserted in a conclusory fashion that she was discriminated and retaliated against. She points to her national origin of Romania, her child's disability, and her gender as sources of discrimination. Plaintiff also alleges that she was retaliated against for "filing grievances through Union" and for filing discrimination complaints, but provides no factual allegations supporting this legal conclusion. *See Iqbal*, 556 U.S. at 681 ("These bare assertions . . . amount to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim . . . As such, the allegations are conclusory and not entitled to be assumed true." (quoting *Twombly*, 550 U.S. at 555)). The SAC, however, alleges that Plaintiff was the focus of an investigation for several reasons, including, among other things, complaints made to DHS by individuals about the "neglect and abuse" of Plaintiff's father. Plaintiff states that at the March 2018 hearing, DHS alleged "lack of skills and knowledge," "neglect of [P]laintiff's father," and fraud "in connection with the care of [Plaintiff's] father" as the basis for the agency's action. Nothing in the SAC states a claim for violation of equal protection, Title VII discrimination, or retaliation, other than in conclusory terms. The Court dismisses Plaintiff's equal protection, Title VII discrimination, and retaliations claims.

## D. Freedom of Information Act

The Freedom of Information Act (FOIA), 5 U.S.C. § 552, is designed to inform the public about agency action, not to benefit private litigants. *N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 143 n.10 (1975). When Congress passed FOIA it sought to "permit access to official information long shielded from public view." *Ctr. for Investigative Reporting v. U.S. Dep't of Just.*, 982 F.3d 668, 674 (9th Cir. 2020) (quoting *Dep't of Air Force v. Rose*, 425 U.S.

352, 361 (1976)). The SAC fails to state a claim that DHS violated FOIA. The Court dismisses this claim.

## CONCLUSION

The Court GRANTS Defendant's Motion to Dismiss (ECF 16) and DISMISSES Plaintiff's Second Amended Complaint (ECF 15).

**IT IS SO ORDERED**.

DATED this 16th day of August, 2021.

                                             /s/ *Michael H. Simon*
                                             Michael H. Simon
                                             United States District Judge